IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PHYLLIS TOLLETT                                                                                        PLAINTIFF

v.                                            CIVIL NO. 14-5153

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Phyllis Tollett, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on January 26, 2012, alleging disability since January 1, 2011, due to back, shoulder, hand, lung, and sinus problems; arthritis; allergies; and high blood pressure. (Tr. 13, 196). For DIB purposes, Plaintiff retains insured status through March 31, 2016. (Tr. 15). An administrative hearing was held on March 27, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 29-75).

By a written decision dated April 12, 2013, the ALJ determined Plaintiff's chronic obstructive pulmonary disease (COPD), minimal degenerative joint disease of the lumbar spine, arthralgias/chronic diffuse joint pain, and the residual effects of a right hand injury were severe

impairments. (Tr. 15-17). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work with the following limitations:

> She is limited to only occasional handling and fingering with the right hand and must avoid even moderate exposure to respiratory irritants, i.e., fumes, odors, dusts, gases, and poor ventilation.

(Tr. 17).

With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform her past relevant work (PRW), but could perform the representative occupations of office helper and ticket seller. (Tr. 22-23). The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 23).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on March 26, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). The parties consented to the jurisdiction of this Court on May 28, 2014. (Doc. 5). Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 10, 11).

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.

### III. Discussion

On appeal, Plaintiff raises two arguments: (1) the ALJ's RFC determination was not based on substantial evidence, and (2) the ALJ erred at step five.

### A. Credibility

The ALJ was required to consider all of the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. It is well established that "credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966 (8th Cir. 2003).

The ALJ addressed the Polaski factors in the written decision, and found Plaintiff's subjective complaints only partially credible because she completed relatively normal daily activities, such as taking care of her pets, shopping, completing light household chores, and driving; she drew unemployment and applied for jobs during the relevant time period; she continued to smoke and drink alcohol despite her diagnosis of COPD and liver problems; and her testimony at the hearing was inconsistent with evidence she hurt her knee swimming in June 2012.

(Tr. 18-19). These were valid reasons for the ALJ to partially discount Plaintiff's subjective complaints. See e.g., Cox v. Barnhart, 471 F.3d 902 (8th Cir. 2006).

Accordingly, the undersigned finds the ALJ's credibility analysis is based on substantial evidence.

### B. RFC Assessment

Plaintiff believes the ALJ did not accurately account for the opinion of Dr. Robert Karas, an examining consultant. (Doc. 10, pp 13-14).

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393. F.3d 798, 801; Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's determination concerning a claimant's RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001); Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). Even though the RFC assessment draws from medical sources, it is ultimately an administrative determination. 20 C.F.R. §§ 416.927(e)(2), 416.946; Cox v. Astrue, 495 F.3d 614 (8th Cir. 2007). In evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively, but should "consider at least some supporting evidence from a professional." Lauer, 245 F.3d at 704.

At the hearing, Plaintiff testified she has a limited ability to use her right hand, and suffers from COPD, gastritis, anxiety, depression, and overall pain. (Tr. 45-61). She takes Zoloft for her

mental conditions, but only takes Tylenol for her joint pain (Tr. 52-53, 61). Plaintiff also reported her daily activities included completing chores and caring for her pet, and her regular hobbies were swimming, playing Frisbee, and fishing. (Tr. 187, 189, 225). She estimated she could lift fifteen to twenty pounds and walk about twenty to fifty feet before needing to rest to catch her breath. (Tr. 190, 226).

The medical evidence shows Plaintiff sought regular treatment at a free health clinic for depression, anxiety, pain from arthralgias, hypertension, COPD, and gastrointestinal problems. (Tr. 245-248, 294-298, 509-534). Exam notes show Plaintiff walked with a normal gait at every visit, but had a reduced range of motion in her right arm and hand due to pain from arthralgias at some visits. (Tr. 246, 295, 297, 510, 513, 515, 517, 520, 522). Plaintiff's hypertension was controlled by medication, and she was also prescribed Zoloft for depression and Spiriva for COPD. (Tr. 297, 522, 513). Plaintiff reported that "Spiriva has made a big difference," and rejected a referral to a pain management clinic. (Tr. 510, 513).

On March 21, 2012, Plaintiff underwent a pulmonary function study. (Tr. 252-256). Dr. Kyle Hardy, a consulting physician, determined spirometry testing revealed "moderate obstructive lung disease with some evidence of improvement after bronchodilator therapy." (Tr. 252). On March 23, 2012, x-rays of Plaintiff's spine were reviewed by Dr. William Payne, a consulting physician, who opined the x-rays showed only "minimal degenerative changes." (Tr. 259).

Plaintiff was examined by Dr. Robert Karas, a consulting physician, on March 26, 2012. (Tr. 262-266). Dr. Karas found Plaintiff had normal range of motion in her spine and extremities, with the exception of a finger in her right hand, which she struggled to move due to an old "factory injury." (Tr. 264). Plaintiff otherwise showed normal muscle strength and reflexes, and was able

to perform manipulative functions, except for being able to touch two of her right fingers to her palm. (Tr. 264-265). However, she was not able to squat, and had only fifty-percent grip strength in her right hand. (Tr. 265). Based on Plaintiff's exam and medical history, Dr. Karas diagnosed her with asthma, COPD, a right hand deformity, allergies, and intermittent claudation. (Tr. 266). He opined she had a moderate restriction in walking, and a mild to moderate limitation in carrying and handling objects with her right hand. (Tr. 266).

Dr. Karmen Hopkins, a non-examining consultant, completed a physical RFC assessment dated March 30, 2012. (Tr. 271-277). She opined Plaintiff could perform light work with occasional handling and fingering with her right hand, and respiratory hazard precautions. (Tr. 277).

In June 2012, Plaintiff went to Dr. Karas' walk in clinic with a knee injury after swimming at the river. (Tr. 537). She showed full range of motion in her knee, but was diagnosed with a knee sprain. (Tr. 537). Plaintiff also sought treatment for a gastrointestinal problem in November 2012, and a chest x-ray revealed lower esophageal sphincter dysfunction. (Tr. 525).

In February 2013, Plaintiff underwent an endoscopy that showed erosive gastritis. (Tr. 348). She was counseled to stop smoking and drinking alcohol, avoid NSAIDS, lose weight, and take Prilosec OTC. (Tr. 349). On February 14, 2013, Plaintiff complained of rib pain and coughing to Dr. Karas, but chest x-rays ruled out any acute cardiopulmonary problem and showed only chronic lung scarring. (Tr. 539-540).

Although the ALJ accounted for Plaintiff's right hand limitations and discussed Dr. Karas' opinion, Plaintiff argues Dr. Karas' exam does not support the ALJ's RFC conclusion. The ALJ's job is to resolve conflicts in physicians' opinions, and the ALJ may accept or reject a physician's

conclusion if it is inconsistent with the record as a whole. Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001). The ALJ appropriately concluded Plaintiff could perform the walking and standing requirements of light work based on her treatment records, daily activities and rejection of pain medicine. Based upon the medical opinions and Plaintiff's medical records, the ALJ's conclusions are well supported.

Accordingly, the undersigned finds the ALJ's RFC determination is based on substantial evidence.

### C. Step Five

At step five, Plaintiff alleges the ALJ erred by not applying Medical Vocational Rule Guidelines (Grids) Rule 202.13 to find Plaintiff disabled, ignored Social Security Ruling (SSR) 83-12, and identified inappropriate jobs. (Doc. 10, pp 15-17).

Grids rule 202.13 applies when a person who is closely approaching advance age has a high school degree and past unskilled work, but the skills are not transferrable. 20 C.F.R. Part 404, Subpt. P, App. 2, § 202.13. Plaintiff's past work, however, includes semi-skilled work as a gate/security guard and forklift operator, so Grids rule 202.14 applies instead of Grids rule 202.13. (Tr. 22, 68). Both Grids rules direct a finding of not disabled.

As for SSR 83-12, it addresses situations where an individual's RFC falls between exertional ranges of work, and advises the ALJ should consult a VE. Plaintiff's citation to the situations where a person has lost the use of an upper extremity is not applicable because it refers to the loss or paralysis of an arm or hand. While its guidance to closely evaluate fine and gross movements applies, the ALJ fulfilled that duty in the RFC assessment, and posed a hypothetical question accommodating Plaintiff's limitations to the VE.

Plaintiff also believes a conflict with the Dictionary of Occupational Titles (DOT) exists because the ALJ limited Plaintiff to only occasional handling and fingering with her right hand, and the jobs identified in the ALJ's decision require frequent or constant reaching, handling, and fingering. At the hearing, the ALJ posed to following hypothetical to the VE:

> So, if you have a hypothetical individual same age, education, and past work as [Plaintiff], but that individual is limited to light work . . . further limited to only occasionally handling and fingering with the dominant right hand; further limited that the individual must avoid even moderate exposure to fumes, odors, dust, gases, poor ventilation. . . . Would you be able to identify other light level jobs that would accommodate those limits?

(Tr. 68-69). In response, the VE testified Plaintiff could perform the representative occupations of ticket seller and office helper. (Tr. 69).

The Eight Circuit has held that when a person's use of one hand is limited and a job requires frequent reaching and handling requirements, a DOT conflict does not exist. Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). Other courts have specifically found the DOT description of ticket seller does not contain any requirement of bilateral fingering ability or dexterity, and concluded there was no error at step five when the VE testified the position could be performed with only one arm and hand. Carey v. Apfel, 230 F.3d 131, 143-146 (5th Cir. 2000). The ALJ in this case posed a properly phrased hypothetical question to the VE, who identified jobs consistent with Plaintiff's RFC. Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).

Accordingly, the undersigned finds the ALJ's step five determination is based on substantial evidence.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. Plaintiff's Complaint is dismissed with prejudice.

Dated this 9th day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE